# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DEREK A. VAUGHAN,        )
                                   )

          Petitioner,       )
                                   )

    vs.                      )     Case No. 11-0528-CV-W-HFS-P
                                   )

MICHAEL BOWERSOX,     )
                                   )

          Respondent.    )

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
## AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Derek Vaughan, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 23, 2011, seeking to challenge his 2008 convictions and sentences for Second Degree Murder, Armed Criminal Action, and Unlawful Use of a Weapon, which were entered pursuant to a guilty plea in the Circuit Court of Jackson County, Missouri.

The petition raises one ground for relief - that petitioner's guilty plea was unknowing and involuntary, because petitioner's counsel had assured him of a sentence less than the maximum allowed by the plea agreement (less than thirty years). Respondent contends that the Missouri Court of Appeals reasonably disposed of petitioner's claim on appeal.

## SUMMARY OF THE FACTS

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 Motion, the Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] was charged with murder in the second degree, armed criminal action, and unlawful use of a weapon in the Circuit Court of Jackson County. On October 31, 2008, he appeared in court and pled guilty to the charges. After an extended plea colloquy in which the court questioned both [petitioner] and his counsel, the circuit court found that [petitioner] understood the charges against him and the

consequences of his plea. The court accordingly accepted [petitioner]'s guilty plea, found him guilty as charged, and ordered a sentencing assessment report.

The court sentenced [petitioner] on December 19, 2008 to thirty years' imprisonment for murder in the second degree, ten years for armed criminal action, and ten years for unlawful use of a weapon, with all of the sentences to run concurrently.

On March 23, 2009, [petitioner] timely filed a *pro se* motion for post-conviction relief pursuant to Supreme Court Rule 24.035. Appointed counsel filed an amended motion on December 29, 2009. On April 19, 2010, the motion court denied [petitioner]'s amended motion without an evidentiary hearing. This appeal follows.

(Respondent's Exhibit D, pg. 2).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## PETITIONER'S GUILTY PLEA

In his sole ground for relief, petitioner claims that his plea was unknowing and involuntary, because plea counsel promised him that he would receive "a total sentence of either no more than

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Case 4:11-cv-00528-HFS   Document 10   Filed 12/01/11   Page 2 of 11

twenty years in prison, or between twelve and eighteen years in prison." (Doc. No. 1, pg. 6). Further, counsel allegedly promised petitioner that "his sentence would be much lower" than 30 years. Id. On appeal from the denial of his Mo. Sup. Ct. Rule 24.035 Motion, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> In his sole Point Relied On, [petitioner] argues that the motion court clearly erred in denying, without an evidentiary hearing, his claim that counsel had assured him of a sentence less than the maximum contained in his plea agreement. [Petitioner] contends that he alleged facts which, if true, would entitle him to relief, and was therefore entitled to an evidentiary hearing. The State counters that the facts alleged by [petitioner] are refuted by the record.
>
> Rule 24.035(h) provides that, "[i]f the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Under Rule 24.035(h),
>
>> [a] movant is entitled to an evidentiary hearing only if his motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief, (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice.
>
> *Maynard v. State*, 87 S.W.3d 865, 866 (Mo. banc 2002).
>
> To show ineffective assistance of counsel, an appellant must show that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "There is a strong presumption that counsel's conduct falls within 'the wide range of reasonable professional assistance.'" *State v. Lay*, 896 S.W.2d 693, 702 (Mo. App. W.D. 1995) (citation omitted).
>
> "[A] guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea." *Bequette v. State*, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005). "A plea must not

-3-

only be a voluntary expression of the defendant's choice; it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* "'A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded.'" *Id.* at 907-08 (quoting *Drew v. State*, 436 S.W.2d 727, 729 (Mo. 1969)).

"Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: (1) the mistake is reasonable, and (2) the mistake is based upon a positive representation upon which movant is entitled to rely.'" *Jenkins v. State*, 9 S.W.3d 705, 708 (Mo. App. S.D. 1999) (citation omitted). However, mere predictions of counsel as to sentencing will not lead to a finding of legal coercion rendering a plea involuntary. *Id.* at 712. "The expectation that a defendant will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary." *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo. App. W.D. 1998).

"If the guilty plea proceedings directly refute the movant's contention that the plea was involuntary, the movant is not entitled to an evidentiary hearing." *Mullins v. State*, 262 S.W.3d 682, 685 (Mo. App. E.D. 2008) (citation and internal quotation marks omitted). Statements made by the defendant during a plea hearing "refute ineffective assistance of counsel claims if the questions and responses are 'specific enough to refute conclusively the movant's allegations.'" *Redeemer*, 979 S.W.2d at 570 (Mo. App. W.D. 1998) (quoting *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995)).

[Petitioner] claims that his plea counsel convinced him to plead guilty because counsel assured him that he would receive a total sentence of either no more than twenty years in prison, or between twelve and eighteen years in prison. Although the only agreement in place between the State and the defense was that the sentence would not exceed thirty years, [petitioner] argues that he relied upon the promise of his counsel that his actual sentence would be much lower.

The motion court did not clearly err in finding that the transcript of the plea hearing directly refutes [petitioner]'s claim that he relied on an assurance of a sentence less than the thirty-year "lid," or maximum sentence, to which he agreed with the State. At the outset of the plea hearing, the prosecuting attorney clearly stated that the *only* agreement between the State and the defense was that the State's

-4-

"lid" under the agreement was thirty years:

> THE COURT: [Prosecutor], would you be kind enough to set out the terms of the plea bargain as you understand them?
>
> [Prosecutor]: In exchange for the defendant's plea of guilty to all three counts, Your Honor, the State lids itself at 30 years. *And that is the only agreement that is between the State and the defense at this time.*

(Emphasis added).

The Court then questioned [petitioner] concerning his understanding of the plea:

> THE COURT: Have any - you were standing here before the Court a few minutes ago when the prosecutor described to me the terms of the plea bargain agreement; is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You heard what she said?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: *Have any promises been made to you other than the terms of the plea bargain agreement that were described to me by the prosecutor?*
>
> THE DEFENDANT: *No, sir.*
>
> THE COURT: [Defense counsel], would you go through the range of punishment with your client and the factual basis for the plea?
>
> [Defense Counsel]: Yes, Your Honor. [To the defendant]: have you and I talked about the span or range of punishment that you are subject to as you are charged?
>
> THE DEFENDANT: Yes.

-5-

THE COURT: And can you recite - or at least what is your understanding of the range of punishment you face on second degree murder, a Class A felony?

THE DEFENDANT: Yes.

THE COURT: And what is it?

THE DEFENDANT: Life, 30.

[Defense Counsel]: What's the minimum?

THE DEFENDANT: 10.

[Defense Counsel]: *And what's the maximum?*

THE DEFENDANT: *30.*

[Defense Counsel]: Or life?

THE DEFENDANT: Life.

[Defense Counsel]: And you understand under the plea agreement, the State is waiving life.

THE DEFENDANT: Yes.

(Emphasis added). [Petitioner] then indicated his understanding of the range of possible punishment on the armed criminal action and unlawful use of a weapon counts. With respect to the unlawful use of a weapon, [petitioner] stated his understanding that the range of punishment was, as for second-degree murder, ten to thirty years or life imprisonment, and agreed with counsel's statement that, "because there's a plea, you cannot get the life." Plainly, [petitioner]'s understanding that the State was foregoing a possible sentence of *life imprisonment* on two counts indicates his awareness that *other* sentencing options, including a thirty-year term of years, remained available.

The court also questioned [petitioner] about his general understanding of the proceedings and his satisfaction with counsel:

THE COURT: Do you have anything you want to add to what you've said already?

-6-

THE DEFENDANT: No, sir.

THE COURT: Do you understand everything that's taking place here today?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about what's taking place or about the terms of your plea bargain?

THE DEFENDANT: No, sir.

THE COURT: Do you have any complaints regarding the services that have been provided for you by your attorney?

THE DEFENDANT: No sir.

During the plea colloquy, the court also questioned defense counsel concerning the advice he had given [petitioner] concerning the range of potential punishment:

THE COURT: [Defense counsel], have you had enough time to talk with your client about what's going on here this morning?

[Defense Counsel]: Yes.

THE COURT: Have you fully discussed with him the charges against him, any defenses he might have to those charges, what might happen at the trial of this case, and the ramifications of his guilty plea?

[Defense Counsel]: Yes.

...

THE COURT: You've advised your client both on the record and previously of the range of punishment; is that correct?

[Defense Counsel]: Yes.

-7-

THE COURT: And in your opinion, did your client understand you when you described to him the range of punishment?

[Defense Counsel]: Yes.

After questioning defense counsel, [petitioner] stated that he agreed with the answers counsel had given. A further discussion then occurred concerning the potential sentence [petitioner] faced:

THE COURT: *So that we are absolutely clear on this, the agreement is 30 years per count, to run concurrent with each other.*

Should I accept the plea and whatever I sentence [petitioner] to, how much of that time will he actually spend? Is there any kind of statutory requirement that he spend a certain percentage of that?

[Prosecutor]: Yes, Your Honor. Pursuant to statute 558.016, he must serve 85 percent of any sentence that the Court gives him.

THE COURT: Do you understand that as well?

[Defense counsel]: I have, and I have conveyed that to my client.

THE COURT: Do you understand that [petitioner]?

THE DEFENDANT: Yes.

[Defense Counsel]: *So were* [sic] *are clear, it is a 30-year lid.*

THE COURT: *I understand. And that would be the maximum.* Or if I sentence him to something less than the 30 years - and *I'm not saying what I'm going to do right now, and I won't know until I see the sentencing assessment report* - but whatever the sentence is, assuming that I give him time in prison, he will serve 85 percent of whatever sentence I impose, correct?

[Defense counsel]: That is our understanding of

-8-

mandatory time.

[Prosecutor]: Yes, Your Honor.

THE COURT: All right. And you understand that as well, [petitioner]?

THE DEFENDANT: Yes, sir.

(Emphasis added.)

The transcript of the plea hearing clearly shows that the only promise made to [petitioner] was that the State would seek no more than a thirty-year sentence, and that the court could sentence him anywhere up to, and including, that maximum. The transcript also reflects [petitioner]'s understanding that, as of the time of the plea hearing, the court had not made any decision as to the sentence it would ultimately impose.

Prior cases have found claims similar to [petitioner]'s to be refuted by the record, and thus not to merit an evidentiary hearing, where the movant expressed at the plea hearing his understanding of the range of possible punishment to which he was subject, and testified that no promises had been made to him beyond the agreement stated on the record. *See*, *e.g.*, *Pongrass v. State*, 132 S.W.3d 292, 294-95 (Mo. App. S.D. 2004); *Hartman v. State*, 130 S.W.3d 727, 729-30 (Mo. App. E.D. 2004); *Martin v. State*, 78 S.W.3d 197, 199 (Mo. App. W.D. 2002). When given the chance to raise any concerns he had about the proceedings, [petitioner] also failed to mention any purported promise by his defense counsel as to a sentence less than the maximum; his silence when prompted also tends to refute his current claim. *See Martin*, 78 S.W.3d at 199. Perhaps [petitioner] had an expectation that he would receive a lesser sentence, possibly based on a prediction by his counsel. But mere hopes or predictions cannot serve as the basis for an ineffective assistance of counsel claim.

Because the plea colloquy reflects that [petitioner] was aware of the maximum sentence he faced, that the State had made no agreement beyond a thirty-year "lid" on [petitioner]'s total sentence, and that no *other* promises had been made to him to induce his plea, the motion court did not clearly err in concluding that the record refutes [petitioner]'s current claim that he was promised a lesser sentence by his counsel. [Petitioner] was accordingly not entitled to an evidentiary hearing on that claim.

-9-

**Conclusion**

> The motion court's judgment, denying [petitioner]'s post-conviction
> relief motion without an evidentiary hearing, is affirmed.

(Respondent's Exhibit D, pp. 2-9).

The resolution of petitioner's sole ground by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Petitioner's sole ground for relief will be denied, and this case will be dismissed, with prejudice.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-10-

# ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.


    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  December 1, 2011.